**Ernest M. GREELY, Jr., Appellant**

v.

**Matthew Charles LEEFER, Attorney At Law, Appellee.**

No. 15–7009.

United States Court of Appeals, District of Columbia Circuit.

Dec. 29, 2015.

Ernest M. Greely, Jr., Butner, NC, pro se.

Warden, White Deer, PA, Plaintiff–Appellant.

BEFORE: SRINIVASAN and WILKINS, Circuit Judges; GINSBURG, Senior Circuit Judge.

## JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). Upon consideration of the foregoing, and the motion to appoint counsel, it is

**ORDERED** that the motion to appoint counsel be denied. In civil cases, appellants are not entitled to appointment of counsel when they have not demonstrated sufficient likelihood of success on the merits. It is

**FURTHER ORDERED AND ADJUDGED** that the district court's order filed December 17, 2014, dismissing appellant's complaint for lack of subject matter jurisdiction, be affirmed. The district courts of the United States are "courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). The district courts have jurisdiction in "federal question" cases, i.e., civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. The district courts also have jurisdiction in "diversity" cases, i.e., civil actions between citizens of different U.S. states or between U.S. citizens and foreign citizens or foreign states, provided the matter in controversy

exceeds $75,000. 28 U.S.C. § 1332. In this case, because appellant established neither federal-question jurisdiction nor diversity jurisdiction, the district court lacked jurisdiction.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.